Good morning, Your Honors. Will you please support? My name is Patrick Dean Brown, and I represent the plaintiff appellant in this case, Ms. Melanie Davis. Ms. Davis is appealing from the District Court's final decision on three grounds that we believe implicate the fundamentals of civil procedure. The first issue is whether Ms. Davis was entitled to discovery to the full extent of her standing under the ADA with respect to removal of barriers that affect her disability. The second issue is whether she was entitled to discovery into the changes that the defendants made, Defendant Anthony's made after the initiation of the lawsuit so that she could evaluate the sufficiency of those changes for remediation and adequately respond to their motion to dismiss. And the final issue is whether or not Anthony's provided enough evidence to meet their heavy burden when it comes to mootness in their motion to dismiss. Turning to the first issue, under this court's ruling in Steger v. Franco, Ms. Davis had standing to ask for the removal of all barriers that are readily achievable to remove that affect her disability. It doesn't matter if she encountered those barriers when she initially went to Anthony's. All that matters is that they exist and that they affect her disability. In Steger, though, wasn't it clear from the record that there were other barriers? Yes, Your Honor. In Steger v. Franco, the timing went differently. In this case, Anthony's quickly made changes and filed the motion to dismiss pretty much immediately before the opening of discovery, before Ms. Davis had an opportunity to take any measurements,  In Steger v. Franco, with respect to the plaintiff, Birch, who's an individual who's blind, he ate at the cafe there and he went to try to find a bathroom and he couldn't find the bathroom because they were missing signage. His expert was able to go to the building and that is when she discovered that the issue that was on the first floor was also on other floors as well as other issues that affected his disability. Although there was evidence in the record, our position is that my client's entitled to be able to take the discovery to be able to put that evidence into the record. Is there a special way you get the effect of discovery here without calling it discovery and that is a so-called Osborne hearing? Did you ask for a so-called Osborne hearing? Do you know what I'm talking about? We did ask for discovery with respect to their motion to dismiss and that was denied. We asked to be able to take, for example, a site inspection to be able to challenge their measurements that they provided, the evidence that they provided with respect to the parking lot issues which were in the original complaint. As I understand how an Osborne hearing works, you say there are certain facts. There are actually two ways to do it. Let's do a factual. Do you think yours is a factual challenge or a facial challenge? The motion to dismiss that was filed by Anthony's was a factual challenge to my client's continued standing. They asserted that they had mooted my client's claims by making changes to the parking lot that brought the parking lot into compliance. My client asked to be able to take discovery so that she could challenge those facts so that the court wasn't just relying on what Anthony said but that she could, for example, take measurements to see how wide the access aisles are or if there's a sloping problem in those access aisles or in the parking spaces or how high the signs are so that the court would have had two sets of I found it. It says neither the defendant nor Davis request an evidentiary hearing about the jurisdictional questions the defendant raises. So we didn't ask for a hearing. We requested under rules 12 and or 56 for a stay of the determination so that we could collect the evidence because we haven't had the opportunity to collect the evidence. We can't have the hearing to present the evidence. The first thing we need to do is have permission to go to the defendant's property and collect the evidence that we would need to present at that hearing and we wouldn't actually need a hearing if we were able to collect the evidence because we simply could have provided that in our briefing. So we would have just as the Anthony's did in their motion to dismiss  regarding what they said the measurements were and photographs. They moved only under rule 12 B1, right? Correct. And it's a factual attack. So all the time this was for the district court. It was just 12 B1. Yes, that is correct. So what we asked for was the ability to collect that evidence that was needed to be able to provide a full record to the district court on that with respect to the mootness challenge that was being presented in the motion to dismiss. Let me ask you about a sentence in Steger. It says intent to return to the place of injury someday is insufficient. You know, that's on the same pages that Birch you referred to. Yes. What does that mean in this case? Okay. So in this case, well, there The question would be has Miss Davis articulated a sufficient intent to return once the barriers are removed so she is asserted that she is she was deterred from going to the Anthony's restaurant on the date that she originally visited because She couldn't park and so she didn't get out and she can go inside the restaurant and it's one of the reasons she wasn't able to determine if there were other barriers and in her complaint. She says that she comes to at the time. She didn't live in Omaha, Omaha. She does now but at the time she said, you know, we I come to Omaha on a regular basis. I went to Anthony's when I was a child. I'd like to I tried to go when I went visited this time and I'd like to try next time next time. I come back to Anthony's and so the question of the complaint actually says Davis plans to visit Anthony's again in the near future, right? Right because she's and it's when she come when she was going to come back She does not she did at that. She does now but at the time she did not live in Omaha. So the situation in Birch versus the situation in Arc or in secret with Birch and with other the other defendants. It was a slightly different procedural step. So again, we were at we were at the motion to dismiss stage was just at the pleading stage and we would contend that what she put forth with respect to standing for that at that stage is sufficient because for example, going to a restaurant is something that you do on a more spontaneous level of basis than for example, the case that they use is like in Lujan when you're going to another country. Those are so the concrete nature of your return visit. It differs depending on where you're going. For example, if I say I intend to return to the local coffee shop, I'm most likely you're most likely going to believe me. It's down the street. But if I'm saying I'm going to return to a hotel in another country and I've only been there once you might want a little bit more information about what my plans are to return there. In this instance, Miss Davis has said said, you know, I don't live in a whole Omaha, but I come here on a pretty much regular basis. And next time I want to come back when next time I come back to Omaha to visit family, etc. I'd like to go to Anthony's again. So although it wasn't a date in the future a specific date, it was a concrete plan to return and part of the reason that we my client can't provide a specific date in this instance is she doesn't know when things are going to be fixed. So for example, if she said if she was going to be coming back to Omaha in a month, she's probably not going to go to Anthony's at that time because the likelihood of them actually having fixed what is deterring her from going there is really low. But if her plan was to return in a year, then maybe it'd be more likely that she'd be going back. So I have a follow-up question on the discovery issue that you've raised was the only discovery initially that you were seeking was just the confirmation that the parking lot was ADA compliant. So my client is asking for two discovery into two things. One is the ability to go inside of Anthony's or have her expert go inside of Anthony's so that she can determine it whether or not additional barriers exist at the premises that she would she has standing to remove to ask for removal under Seeger V Franco and the other is with respect to the the parking lot is the you know, a stay of the motion to dismiss until she can get that information to be able to adequately defend did she not as to the second portion of your the discovery goals on that Is there some restriction or obstacle to her expert getting that information from the parking lot without formal discovery? Oh, I don't in the past. I have run into problems with that personally with courts not liking us doing that. So we're hesitant to go and collect evidence without permission. That would be potentially a way to collect the evidence. But again, you're going on to somebody else's property and they may not be very happy to see you there. So from practical purpose to make sure to ensure her rights. It is preferable that the court allow her to actually take that discovery and the site inspection itself is not of burden is not burdensome on Anthony's it would not have been it can be it could have been done before before it opened and taking inspection of both the interior and exterior would have maybe taken an hour total. It's not it's not a big thing, but it is something that's necessary for my client. I'm running something that is that you could make a request of counsel opposing counsel. Yes, you could ask them most of the time they say no because again, unless the court has given them permission. They're not about to let us go inside and look around talking about the parking lot. Yeah, and again again, if they're defending their clients to their full extent if the courts not going to let them do them. Why why should they let my client before asking for authority of the court to do it? A request to opposing counsel from a practical standpoint that is obviously an option but from a procedural standpoint. It shouldn't be required. My clients should be able to get the the court should give that her her the permission to get the via formal discovery the information that she needs to defend her case. You know, you're in dear. I'm sorry. I just want one just to clarify the court district court said that the The parking lot client parking lot claim is moot because the parking lot has been brought into compliance. Yes. So as we are you saying that there's a factual issue about that? Yes, your honor. I that you and that the the appellant here was not given an opportunity to that is correct contest that factual that is correct. Yes, your honor. And that they didn't provide enough information regardless because under section 502 of the ADA which deals with parking spaces their requirements with respect to sloping and there was no there's no evidence on the record with regarding slope and I'll say the remaining time for rebuttal. Thank you. Mr. Mattson. May it please the court John Mattson Coley Jessen law firm on behalf of Appley Anthony Inc. And Judge Shepard. I think I'll just start real quick by answering a question that that you pose and that is regarding this alleged disputed factual issue into whether or not there was compliant remediations completed within the parking lot. Melanie Davis did not through counsel did not request an evidentiary hearing could have but did not request an evidentiary hearing that's in the wreck. That's in the record. It's not there. There's no request for that. There was a rule 56 request for discovery. So and that's what Judge Benton was getting at with this Osborne hearing under under that precedent, which is set forth in the briefing the there is a requirement that the requesting party submit an affidavit that has four elements in it again. This is addressed in our briefing, but our our position is that with at least respect to two of those elements. What efforts were made to obtain the key facts and why the efforts were unsuccessful. Those two elements were not addressed in Melanie Davis's affidavit. They were just were not addressed. So in in the courts determination of whether or not to grant that additional discovery the courts has discretion on whether to grant it the prerequisites were not met and therefore there was no there was no prejudice and there's no error in what the court did. We'd also submit your honors that under Johnson versus the United States that the applicable standard there is an abuse of discretion. So Judge Rossiter took a look at the record took a look at what would have been submitted to him. There was no request for an evidentiary hearing. The affidavit submitted was spoken generalities didn't didn't provide specifics and your honor Benton or sorry, Judge Shepherd asked could they could you could they have reached out to opposing counsel could you have taken some of these steps and a put and counsel for Davis indicated? Well, you know practically maybe but there's no requirement. I would argue your honor that under this precedent this Osborne hearing precedent and under Johnson it is it is absolutely required. You have to take reasonable steps and show the trial court. Here's here's what happened. Here's why we need this additional discovery and here's why it can't be it hasn't been able to be obtained and furthermore your honors Davis did not press the issue of whether the remediations we made were sufficient. I thought slope was an issue before the district court the slope of all this was an issue. Yes, your honor. I'm glad your honor asked. I think that's a very important question. If you look at the complaint, so there are three specific allegations set forth in the complaint and three only they are access aisles, which is under a DAG 502.2 number of spaces that's under a DAG 208.2 and signage. Those are the only three allegations again signage is a 2.1 6.5 and 502.6 slope is addressed in a separate section of the a DAG. This is in this is in our briefing. It's under 502.4. So had the pleading just satisfied rule eight just tell us this, you know, you're alleging the slopes might be at issue right site site the rule we would be on notice of what was allegedly wrong and would have addressed it. Okay. So now now the problem I have is this was decided as 12 b1, right? Yes, your honor. Jurisdiction basic motion, right? Yes, your honor. The Steger case says that that someone in this position has standing as to anything else any other place in the building. So if there's a disputed fact about anything any place else in the building, you can't do a 12 b1. Can you your honor? I think I think it goes to if you also look at Steger the court and now analyzes rule eight and says before we even get to that what was pled in the complaint and there's just three there are just three violations that are alleged and then there's some catch-all like it's I think the language is this is not to be considered all inclusive. But again under Iqbal and Twombly you have to do more than say. Well, there might be something else. So if there's three allegations, those are the three that were complained of those were the three at issue and when we under the voluntary cessation doctrine and under this mootness analysis, we went in spent thousands of dollars, you know did the analysis on the on the things that were specifically identified in the complaint and made the changes and that's that those facts are undisputed before the court. Were there any changes made to the slope? If your honors if you if you look at the pic, there's a bunch of pictures in the record. There was a whole our client ripped out all the concrete in the front of the building and relayed relayed a whole brand new slab of concrete. So this wasn't, you know, this wasn't the case where our client just said, oh, you know, we got sued for ADA non-compliance better go in and you know, restripe this parking lot. They understood. Hey, look, we don't have the right number of spaces. Council told them this they don't have the right number of spaces. The access aisles are wrong and you don't have signage. They're right. So in kind of the underlying rationale of the ADA worst. We are our advice to the client was you need to fix it, right? So they went in and they did rip it all out and did you know, did it did it a complete fix of those issues that had been specifically identified only on appeal does the Davis raise the issue of slope that was never addressed before the district court and we'd argue your honors that that is waived. So there was no I'm assuming that slope was addressed in order to make it ADA compliant. And so it you're saying at the district court the plaintiff never said I really that's a new thing. That's popped up as you've redone this whole parking lot. I need some discovery to determine whether or not that aspect. Yeah, if you look through the yes, sorry to interrupt your honor. If you look through the if you look through the record, there is no press no motion for further discovery. No motion for jurisdictional discovery. It's a it's a it was a 502. It was a 52 request for for additional discovery there, but there was never a There's we we still have a reasonable belief or any belief that there's any sort of issues there. But counsel if they had it, you know, the facts of stagger if they'd had any kind of witness test that they were testified that there were any kind of other ADA violations in the in the restaurant this case clearly survives under under stagger, right? I would argue, you know about the hillberry, you know, I'm referring to the hillberry testimony proceed. Yeah. Yes, your honor. And and I let me answer it in two ways. One is I think you've got to go back to the complaint the well-pled allegations of the complaint even giving wait now Osborne says a factual disputed. We start having hearings and all kinds of stuff happen. Go ahead. I think under under rule 8 we're they're stuck with the allegations that are pled in the complaint the three that were specific. Edgar doesn't do that. Does it? I think I think under stagger your honor the court took a look at under rule 8 what the output well-pled allegations were. Yeah, but you notice it at crunch time over here. They refer to what Hillsbury test of a hillberry testified to are you following what I'm saying? Maybe they don't refer to complaints. They refer to what hillberry identified as giving the as giving the standing and getting past the jurisdictional problem. And I think maybe your honor the I guess my gut would be on that. They're probably there may have been a factual dispute there in stagger. That just is absent in our case again. They didn't Davis did not make the requisite request for an evidentiary hearing could have absolutely could have but didn't so that's waived could made a request for rule 52 discovery. There's 4 elements under Osborne and Johnson that were not set all satisfied. Those are requirements. So we look to whether judge roster abuses discretion in denying that because of that analysis. I don't think there is an analogous factual dispute at issue here that brings this case to a closely analogous situation to Steger, but I'd also point your attention to your honor under Steger and and you pointed it out judge Benton in your questions previously, but it says quote the intent to return someday is insufficient under Steve notice. They don't apply that test on that page this court. We don't apply that test to the birch person. We only apply it to the other plaintiffs, but the person that gets standing we don't imply the end of the intent to you notice that I guess what what I would point your honor to is that in this case judge roster just never got to the standing issue at all, but that's a separate the analyses are completely separate if if Davis does not have standing just because there's no injury in fact, and there's no this into quote-unquote intent to return someday as in is insufficient. That's that's one issue complete separate issue. This court could affirm the judgment of judge roster on but what we've been talking about exclusively here today is the mootness question and I agree with your honor that under Steger really the question was about mootness, right? But the court very well could have analog had a completely separate analysis just didn't it's just not germane, right? Whereas here in in this case, there's abundant Authority from District Courts all throughout the Eighth Circuit that apply and and Davis does not disagree with the with the standing test that should be applied here. So and those four elements your honors are proximity to plaintiff's home past patronage definitiveness of plan to return and frequency of travel by the accommodation. So Dave as as as admitted Davis is a tester go is a frequent ADA plaintiff. There's all goes and tests all sorts of facilities like this. So I'm finding ad violators. Go ahead. Yeah. Yeah. So in term in terms of in terms of proximity, there's the undisputed and you and you can't look as as counsel for Davis pointed out what's gone on today or whether she lives here today or what's gone on in the last three months. That's irrelevant understanding analysis. The question is what were the facts when the complaint was filed and the facts were that Davis lived four and a half hours away. So under element one proximity to plaintiff's home that would weigh strongly against finding of standing past patronage. I think the complaint said it, you know, when she was younger, she may have it came to Anthony's by the way, where you getting your factors from where the four factors from it's it's in our brief your honor. I didn't write down the name of the case, but it's they're not each circuit factors. Are they there the I don't think the 8th Circuit has specifically ruled on this issue because and there's some disputes amongst the different not disputes, but I think there are different rules applied amongst the circuits like the 9th Circuit applies a different rule that's By any of the district courts within the 8th Circuit, but I don't think the I don't think the 8th Circuit has squarely ruled on this proximity and now there this analysis that I'm talking about. So it's our Minnesota district cases aren't they that you're referring Yes, and I think a few other district courts your honor have have applied those as well and and and counsel for Davis really it does not dispute that. These are the pertinent factors. So again, you know past patronage we would argue ways in favor against the airways against standing definitiveness of plans to return. I mean, it's true. There is a statement in the affidavit. I want to return that's that's a fact that is one fact that is before the your honors and then frequency of travel by the accommodation again, if a restaurant is four and a half hours away from your home and that factor is going to weigh against standing. So I guess the point the point is judge Rosser never got to that Independent standing issue that is very much implicated by the facts of this case and we would ask the court to affirm on that basis to the extent it found for whatever reason that the mootness issue was too close to call. Unless there are further questions your honor.  Thank you for the argument. Miss Brown. Thank you your honors with respect to whether or not slope was adequately in the complaint the defendants in their motion motion to dismiss where it was able to figure out that 502 applies with respect to for example, how wide the access aisles need to be despite the fact that that's not in 502.2. That's a 502.3 which was not particularly specifically laid out plus as I said 208.2 which is cited in the brief or in the complaint sites to 502 in general and lays out what is necessary for a spot to be and a parking lot in general to be compliant and one of those things is 502.4 which says that both parking spaces and access aisles to be considered an accessible parking space and access aisle have to have meet sloping requirements. It is was squarely within the complaint and they did not address that in their mootness with respect to any evidence of it on the record that there may be other barriers in the interior miss Davis did state that in her experience when there's significant problems in the exterior. There are problems on the interior as well and I can represent to the court that she has been back and there are problems on the interior. And so if again, if it's not remanded tell me tell me what your best statement was on the problems on the interior. What is your strongest miss Davis stated that in her experience when a when a place of public accommodation has problems on the exterior. They also have problems on the interior and that's similar to what happened in dorm V 7-eleven where the person could not go inside and the 9th Circuit acknowledged that again somebody that isn't doesn't bother to comply with their parking spaces probably hasn't looked at what their interior looks like either. Okay. Thank you. Thank you for your argument. Case number 16-4051 is submitted for decision.